SIMEON FITCH ET AL., APPELLANTS, *v.* ZACHARIAH DEDERICK, RESPONDENT.

*Evidence—Presumption—Knowledge of Contract—Liability of Third Party.*

Mere knowledge by the Defendant, that a party had agreed with the Plaintiff to procure his, Defendant's, notes in payment for property purchased by such party, imposes no liability upon the Defendant.

APPEAL from the Supreme Court, Third District. The action was brought to recover the price of stone which the Plaintiffs, in their complaint, alleged that they had sold to the Defendant. The answer denied such purchase by Defendant. Upon the trial it appeared that one Patrick O'Donnell had two several contracts for the grading and paving of certain streets in Brooklyn; that in the execution of such contracts it became necessary for him to procure a quantity of stone; that the Defendant had had dealings with him, loaning him his notes and money, for which he had taken various securities, among which were orders for money becoming due for work done upon the said contracts; that O'Donnell applied to the Defendant for aid in procuring the stone for a portion of the work. Evidence was given tending to show that the Defendant authorized O'Donnell to purchase twenty-five hundred dollars' worth of stone on his credit, which was controverted by evidence introduced by Defendant. It appeared that O'Donnell agreed with Plaintiffs to give him the Defendant's notes in payment for the stone delivered to him. . The Plaintiffs proved that the Defendant had loaned O'Donnell some twelve thousand dollars in money, for which the latter was indebted to the former, at the time the stone was delivered. This proof was properly excepted to by the Defendant. The Judge charged the jury that if the Defendant knew that his notes were promised to Fitch, and that the sale was made on the faith of receiving those notes, that would make the sale on that credit, and he would be

responsible. To this portion of the charge the Defendant's counsel excepted. The Judge further charged the jury that, if the Defendant had any fund, or the control of a fund, which was to pay for those stone, and he knew the seller was to rely on that fund, he is responsible. To this portion of the charge the Defendant's counsel excepted. The jury found a verdict for the Plaintiffs, upon which judgment was rendered, which was reversed, upon appeal, by the General Term, and a new trial ordered; from which judgment the Plaintiffs appeal to this Court.

*J. H. Reynolds* for Appellants.

*M. Hand* for Respondent.

GROVER J.—The evidence excepted to by the Defendant was inadmissible. It had no legitimate bearing upon any issue in the case. The issue was whether the Defendant, by any agreement or act of his, had become liable to the Plaintiffs for the price of the stone in question.

The fact that he had, before the delivery of the stone, loaned O'Donnell money, for which he was indebted to him at that time, had no tendency to show any agreement to pay for the stone, nor any liability therefor, upon any of the grounds claimed by the Plaintiffs. The learned Judge erred in charging the jury that, if O'Donnell agreed to pay for the stone in the notes of the Defendant, and the sale was made on the faith of receiving such notes, that would make the Defendant liable therefor. The charge assumes that the Plaintiffs sold the stone to O'Donnell, and that the latter agreed to pay the Plaintiffs therefor in the notes of the Defendant; and instructs the jury that if the Defendant knew that such an agreement was made, and the stone delivered by the Plaintiffs, upon the expectation of receiving such notes, the Defendant was liable therefor. This might all be true, and yet the Defendant may never have agreed with O'Donnell, or the Plaintiffs, to give his notes for any such purpose. Mere knowledge by the Defendant that O'Donnell had agreed with the Plaintiffs to give his notes in payment for property purchased by O'Donnell, imposed no liability upon the Defendant.

13

Opinion by GROVER, J. ·

It is not necessary to examine the other portion of the charge excepted to. The order appealed from must be affirmed, and judgment rendered against the Plaintiff.

All concur.

Judgment absolute for Defendant.

JOEL TIFFANY,
State Reporter.